# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 20-2079L
(Filed: October 28, 2024)

|  |  |
|---|---|
| **STEPHEN C. MILNE,** *et al.*, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) |
| **UNITED STATES**, | ) ) |
| *Defendant.* | ) ) ) |

*Seth C. Wright*, Polsinelli PC, Kansas City, MO, for plaintiffs. With him on the briefs were *David K. Schultz* and *E. Benton Keatley*, Polsinelli PC, Kansas City, MO, and *Benjamin D. Brown* and *Alexander J. Noronha*, Cohen Milstein Sellers & Toll PLLC, Washington, DC.

*Mark A. Pacella*, Trial Attorney, Natural Resources Section, Environmental and Natural Resources Division, U.S. Department of Justice, Washington, DC, for defendant. With him on the briefs was *Todd Kim*, Assistant Attorney General, and *Tara M. Lewis*, *Ashley M. Carter*, and *Sarah Ruckriegle*, Trial Attorneys, Natural Resources Section, Environmental and Natural Resources Division, U.S. Department of Justice, Washington, DC.

**ORDER**[1]

***BONILLA, Judge***.

Thirty-five landowners along the Missouri River in Iowa, Kansas, Missouri, and Nebraska allege the U.S. Army Corps of Engineers (Corps) intentionally contributed to and directly caused near-annual atypical flooding of their properties

---

[1] This case was transferred to the undersigned for adjudication on October 3, 2022, pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims (RCFC). At that time, and continuing through January 5, 2024, the matter was stayed pending final resolution of an appeal to the United States Court of Appeals for the Federal Circuit in a related case, *Ideker Farms, Inc. v. United States*, 71 F.4th 964 (Fed. Cir. 2023), *reh'g en banc denied* (Nov. 29, 2023) (per curiam).

between 2007 and 2024. Plaintiffs contend the destructive floods flowed from policy changes in 2004 that deprioritized flood control in favor of allowing the river to run more naturally to protect wildlife and the environment. The landowners claim the Corps' actions resulted in a permanent flowage easement across their land, effecting a taking of their real and personal property without just compensation in violation of the Fifth Amendment to the United States Constitution.

Before the Court is defendant's motion to dismiss plaintiffs' amended complaint for a lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and 12(b)(6). The government submits that plaintiffs' claims accrued more than six years prior to the commencement of this action and, further, that plaintiffs fail to allege cognizable property interests or plead their claims with the requisite specificity. In support and opposition to the pending dispositive motion, the parties present near identical arguments addressed by this Court in a contemporaneously issued decision in a related case, *Nolan v. United States*, __ Fed. Cl. __, No. 21-122 (Fed. Cl. Oct. 28, 2024) (ECF 24). For the reasons stated in *Nolan*, the Court similarly finds that the accrual date applicable to the plaintiffs in this case is between late 2013 and early 2014 (i.e., March 2014). Because their complaint was filed more than six years later (i.e., December 30, 2020), plaintiffs' claims are similarly time-barred and must be dismissed for a lack of subject matter jurisdiction.[2]

In reaching this conclusion, the Court considered three additional arguments advanced by plaintiffs in this case that were not raised in *Nolan*. None changes the outcome. First, when the government raised the statute of limitations defense during the initial status conference before the undersigned on May 29, 2024, the Court expressed its reluctance to relitigate an issue seemingly addressed in *Ideker Farms, Inc. v. United States*, 151 Fed. Cl. 560, 595–97 (2020), *affirmed in part, vacated in part, and remanded*, 71 F.4th 964 (Fed. Cir. 2023). However, with the benefit of briefing and an examination of the pleadings, the Court has determined it has no choice but to dismiss this case as time-barred. Subject matter jurisdiction is a threshold issue that cannot be waived by the parties or become law of the case. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.") (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)); *Drury v. United States*, 52 Fed. Cl. 402, 404–05 (2002) ("[T]he law of the case doctrine does not limit a court's ability to revisit prior [jurisdictional] decisions of its own or of a coordinate court.").

---

[2] As in *Nolan*, in dismissing this action for lack of subject matter jurisdiction, the Court does not reach defendant's alternative dispositive motion under RCFC 12(b)(6).

Relatedly, plaintiffs assert the government should be judicially estopped from arguing against the application of the claim accrual date adopted in *Ideker Farms*. In support, plaintiffs cite *Prakhin v. United States*, 122 Fed. Cl. 483 (2015), wherein the Court describes the government advocacy for adopting a prior case's accrual date. *Id.* at 486–87. Plaintiffs argue *Prakhin* evidences the government taking a prior inconsistent litigation position than that advanced here. The argument is misplaced. Without addressing whether judicial estoppel applies in this context, the doctrine requires that the party who purportedly took an inconsistent litigation position be successful in the earlier proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). In *Prakhin*, this Court initially and ultimately rejected the government's accrual date adoption argument. 122 Fed. Cl. at 489–90; 131 Fed. Cl. 706, 718–19 (2017). Accordingly, the doctrine of judicial estoppel does not come into play in this case. *See New Hampshire*, 532 U.S. at 750–51 ("Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity.") (citations omitted).

Finally, plaintiffs request that the Court defer ruling upon defendant's dispositive motion to allow "fulsome discovery" and, perhaps, allow the matter to proceed to trial. ECF 38 at 37–38. However, plaintiffs do not specify the discovery they seek let alone explain how the unspecified discovery (or trial) is expected to demonstrate that their claims are not time-barred. On these critical issues, it is important to note that, as in *Nolan*, the plaintiffs in this case modeled their claims after the factual and legal assertions pled and exhaustively litigated in *Ideker Farms*, and that counsel in this case have and continue to serve as plaintiffs' counsel in *Ideker Farms*. As explained in the Court's contemporaneously issued decision in *Nolan*, plaintiffs' claims are time-barred because they were aware or should have been aware of the events ostensibly fixing the government's liability more than six years prior to commencing this action. The Court is unaware of any jurisdictional discovery to be propounded upon the government or any third party—and plaintiffs have failed to point to anything—that would demonstrate otherwise. For these reasons, plaintiffs' generic request to conduct discovery in the event the Court is inclined to grant defendant's motion to dismiss is denied. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235–36 (Fed. Cir. 2010) ("[A] trial court may deny jurisdictional discovery when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, or where the request for discovery is based on little more than a hunch that it might yield jurisdictionally relevant facts[.]") (quotation marks and citations omitted).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiffs' amended complaint for lack of subject matter jurisdiction (ECF 37) is GRANTED. The Clerk of Court is directed to ENTER judgment accordingly.

It is so **ORDERED**.

                                                      Armando O. Bonilla
                                                      Judge